# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD CARY IDEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74506

**FILED**

APR 30 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of burglary. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Richard Iden was charged with two counts of theft and seven counts of burglary. He ultimately pled guilty to one count of burglary under NRS 205.060, a category B felony. As part of his plea agreement, he stipulated to small habitual criminal treatment, and the State agreed to recommend a sentence of 6 to 15 years. At the preliminary hearing, the district court asked Iden whether he understood and agreed to the terms set forth in negotiations and Iden responded that he did. Iden was sentenced to 6 to 15 years. Iden now appeals, challenging his sentence.

Iden argues that his sentence violates his substantial rights and asks for resentencing. He argues, citing NRS 205.060(2), that his sentence of 6 to 15 years shocks the conscience. He argues that because his sentence is more than six times the maximum sentence for the crime of burglary, the sentence does not reflect any sort of justice. Because this claim ignores the fact that Iden stipulated to habitual criminal treatment, we disagree.

It is true that in Nevada, a person convicted of burglary may only be sentenced to "a minimum term of not less than 1 year and a maximum term of not more than 10 years." NRS 205.060(2). However, here

19-18816

Iden stipulated to treatment under the small habitual criminal statute, NRS 207.010(1)(a), which provides that a person convicted in Nevada of a felony, who has two prior felonies, shall be subject to a minimum term of 5 years and a maximum term of 20 years. We have previously noted that, "[d]espite its harshness, [a] sentence within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Allred v. State*, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004) (internal quotations and citations omitted).

We conclude that the district court did not abuse its discretion in sentencing Iden. *See Sessions v. State*, 106 Nev. 186, 190, 789 P.2d 1242, 1244 (1990) (explaining that this court reviews a district court's determination of habitual criminality for an abuse of discretion). First, his sentence is within the statutory limits. Second, Iden agreed to treatment as a habitual criminal and stipulated to the sentence he received. Thus, Iden's sentence does not shock the conscience. Accordingly, the district court did not abuse its discretion in sentencing Iden to 6 to 15 years, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

 

cc:   Hon. Stefany Miley, District Judge
      Law Offices of John P. Parris
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3